SANTIAGO, APPELLANT, *v.* SUCCESSION OF MATA, RESPONDENT.

APPEAL from the District Court of Humacao.

No. 930.—Decided March 3, 1913.

NATURAL CHILDREN—ACTION FOR ACKNOWLEDGMENT—CONSTITUTIONAL LAW.—
    Section 199 of the Revised Civil Code, which has been in force since 1902, is not unconstitutional because the plaintiff was thereby given two years within which to bring her action for acknowledgment, counting from the date on which that code went into effect, and this period of time is a reasonable one.

ACTIONS—CONSTITUTIONAL LAW—PRESCRIPTION.—A statute limiting or reducing the length of time within which to bring an action is not unconstitutional if it allows a reasonable time before prescription begins to run.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal is taken by the plaintiff, Regina del Carmen Santiago, from a judgment of the District Court of Humacao, rendered November 1, 1912, declaring the action of the plaintiff to have prescribed and dismissing the complaint without special taxation of costs.

The plaintiff, who was born in 1860, filed her complaint on April 29, 1911, when Teodosio Matta, of whom she claims to be the acknowledged natural daughter, had been dead three months and the only question raised in this appeal is whether or not section 199 of the Revised Civil Code is contrary to the Constitution of the United States when applied to a case of this kind.

The plaintiff, who was born when Law 11 of Toro was in effect, failed to bring her action to claim filiation during the existence of said law. Article 137 of the Spanish Civil Code, which took effect in this Island in 1890, provides that actions for the acknowledgment of natural children may be brought only within the lifetime of the putative parents, except where the father or mother had died during the minority of the child, in which case the child might bring the action before the first four years of its majority had expired; and except, also, that if after the death of the father or mother some instrument whose existence had not been known of before should be discovered, in which instrument the child is expressly acknowledged, then the action should be brought within the six months following the discovery of such instrument. The plaintiff also failed to bring her action while this law was in force.

The Revised Civil Code went into effect in this Island in 1902, and section 199 thereof modified said article 137 of the Spanish Civil Code to the extent that an action to claim filiation may be filed at any time within two years after the child shall have become of age, and it shall be transmitted to his

heirs if he should die during his minority or in a state of lunacy. In these cases heirs shall have five years during which to enter an action. Therefore, up to 1902 plaintiff could have brought her action under the provisions of article 137 of the Spanish Civil Code, for her putative father was then living, and notwithstanding the fact that said article was modified by section 199 of the Revised Civil Code, limiting the right of action to two years after the majority of the child, and although the plaintiff was of age when this new law was enacted, she did not lose her right of action because in so far as regards persons who were already of age said two years should be computed from the time the code went into effect, and this provision of the new code does not affect minors only but also persons of full age in the manner stated, as was held by us in the case of *Jesús v. Pérez Villamil*, 18 P. R. R., 392.

Both in that case and in others to be cited this court has held that a statute limiting or reducing the time allowed for bringing an action is not unconstitutional where a reasonable time is allowed for so doing before the action is barred by prescription. See the cases herein cited and our opinions in *Calaf v. Calaf*, 17 P. R. R., 185; *Gual v. Bonafoux*, 15 P. R. R., 545, and *Rijos v. Folgueras*, 16 P. R. R., 593.

· Therefore, section 199 of the Revised Civil Code is not unconstitutional because the plaintiff could have brought her action within two years from the date when said code went into effect, a period of time which we find to be reasonable and no allegation to the contrary having been made in regard thereto. The judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.